### VAUGHN *et. al.*, Appellants, *vs.* GUY, Respondent.

1. V. by deed of gift, in 1837, conveyed a female slave to his grand-daughter "and her heirs forever." A subsequent clause of the deed provided that if the donee should die leaving no lawful issue, the slave and her increase should be equally divided among the sons and daughters of V. *Held*, V.'s grand-daughter took an absolute estate, and the remainder was void.

### *Appeal from Randolph Circuit Court.*

*Clark*, for appellant, urged the court to review the decision in the case of *Wilson* v. *Cockrill*, 8 Mo. Rep. 1.

*Leonard*, for respondent. 1. The limitation to the plaintiff, on the death of the first taker, is too remote and therefore void. Fearne on Remainders, 445. 2. If this be otherwise, and the present limitation over would be valid as an executory bequest, or as a conditional limitation operating under the statute of uses, yet it is the settled law of this state that such limitation cannot be created by a direct conveyance *inter vivos*. 8 Mo. Rep. 1. *Bilby* v. *Moore*, 1 Dana.

SCOTT, Judge, delivered the opinion of the court.

This was a suit begun by the appellants, as the remainder-men under the deed set forth below, against the respondent, who was the father of Susan L. Guy, who intermarried with Davis, and afterwards died in 1851, without issue. The suit was for the negro woman Louisa, named below, and her increase, which were claimed by the respondent. Ervin Guy was the

father and heir of Susan L. Guy, who died without issue. The deed of gift is as follows :

"Be it known to all whom it may concern, that I, George Vaughn, of the county of Pike and state of Missouri, for divers good causes and considerations unto me moving, and more especially, for the natural love and affection which I have and bear for my grand-daughter, Susan L. Guy, daughter of Ervin and Nancy L. Guy, do hereby give unto the said Susan L. Guy, a certain negro woman slave, by the name of Louisa, together with her future increase, to her, the said Susan L. Guy and her heirs forever. But in case my said grand-daughter, Susan L. Guy, should die, leaving no lawful issue, then the negro woman slave, Louisa, and her future increase, if any, shall be equally divided between my daughter, Mary M. Fortune, and my sons, Peter T. Vaughn, Thomas R. Vaughn, William L. Vaughn, and my daughter, Harriet Daugherty. Witness, my hand and seal, this 7th day of November, one thousand eight hundred and thirty-seven.

"GEORGE VAUGHN." (seal.)

There was a judgment for the defendant, from which the plaintiffs appealed.

1. There can be no doubt of the correctness of the principle asserted in the case of *Wilson* v. *Cockrill*, 8 Mo. Rep. 1. The distinction between the construction of limitations created by deed, and those whose existence depends on wills and conveyances under the statute of uses, is as well founded as any in the law. The propriety of this distinction has not commended itself to the sense of modern times, and it has been abolished in many codes of the different states. Our statute of conveyances, enacted in 1845, in section 6, has done away with it. The deed, however, in the case under consideration, was made in 1837, and of course is freed from the operation of the statute enacted in 1845. Whatever may be our opinions as to the justness of this distinction, we do not feel ourselves at liberty to disregard it. Its authority in the construction of legal instruments can only be taken away by the power of the

legislature; hence, our statute on the subject can only influence instruments executed after it took effect.

The remainder having been created by deed, and being made to take effect upon a dying without issue, after an absolute estate had been previously conveyed, the words "dying without lawful issue" mean an indefinite failure of issue, and not of issue living at the death of the first taker. Hence the remainder was void, as tending to the creation of a perpetuity, and Susan L. Guy took an absolute estate, and consequently, upon her death, without issue, the slave would be distributed among her heirs.

The other judges concurring, the judgment of the court below will be affirmed.